```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**SHIRLEY KLOSING BARRETT, ET AL.**                 CIVIL ACTION

**VERSUS**                                          **NO. 06-9481**

**STATE FARM FIRE AND CASUALTY INSURANCE**          SECTION B(3)
**COMPANY, ET AL.**

### ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand.  (Rec. Doc. No. 5).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **DENIED.**

### *BACKGROUND*

On or about August 29, 2005, Plaintiffs' property allegedly sustained damage as a result of Hurricane Katrina.  Plaintiff's State Farm Fire And Casualty Company's[1] ("State Farm") homeowner's insurance policy was effective on August 29, 2005.

Plaintiffs filed suit against Defendant State Farm in the 34th Judicial District Court For The Parish Of St. Bernard.  Defendant State Farm removed the matter to federal court claiming diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332.

Defendant contends diversity of citizenship jurisdiction exists as the amount in controversy exceeds $75,000.00 and complete

---

[1] Erroneously referred to as State Farm Fire And Casualty Insurance Company.

1

diversity exists between proper parties.

Plaintiffs contend diversity of citizenship jurisdiction does not exist as the amount in controversy does not exceed $75,000.00. Therefore, Plaintiffs claim this Court lacks jurisdiction and moves the Court to remand.[2]

### *DISCUSSION*

**A.   Diversity Of Citizenship**

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b).  Furthermore, the matter in controversy must exceed "the sum or value of $75,000, exclusive of interests and costs. . . ." 28 U.S.C. § 1332.  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The Louisiana Code of Civil Procedure prohibits a plaintiff from specifying a monetary demand in his or her petition.  La. Code

---

[2]Plaintiffs do not dispute that diversity of citizenship exists between proper parties.

Civil Proc. Art 893(A)(1).  However, post-removal affidavits may be considered to determine the amount in controversy when the basis for jurisdiction is ambiguous.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (citing *Association Nacional de Pescardores a Pequena Escala o Artesanales de Columbia v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1988)).

Plaintiffs allege that the amount in controversy does not exceed $75,000.00.[3]  However, Plaintiffs did not rebut Defendant's arguments regarding insurance policy limits and the application of Louisiana statutes in the instant insurance claim.  Furthermore, Plaintiffs did not stipulate and renounce damages in excess of $75,000.00.

Plaintiffs' petition for damages, insurance policy, and Louisiana statutes establish that Plaintiffs' claims exceed the $75,000.00 threshold for diversity jurisdiction.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

New Orleans, Louisiana this 20th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Petition For Damages, ¶ XVI.